## Commonwealth v. Hagen.

*Criminal law—Involuntary manslaughter—Injury in one county, death in another—Misdemeanor—Jurisdiction—Act of May 8, 1889.*

1. Where a criminal injury is inflicted in one county, and death results in another, the court in the county where the injury was inflicted has jurisdiction of the crime.

2. In such case, it makes no difference whether the crime is to be considered a felony or a misdemeanor.

Act of May 8, 1889, P. L. 135, considered.

*Criminal law—Involuntary manslaughter—Operation of automobile—Act of May 16, 1921.*

3. Where a driver of an automobile negligently passes another in such close proximity as to cause a collision, and the death of an occupant of the other machine, he violates section 19 of the Act of May 16, 1921, P. L. 582, and he may be convicted of involuntary manslaughter.

Motions in arrest of judgment and for a new trial. Q. S. Delaware Co., Dec. Sess., 1922, No. 171.

George T. Butler, for motions; William Taylor, District Attorney, contra.

BROOMALL, J.—The defendant was indicted and tried for involuntary manslaughter. The district attorney, with the leave of the court, waived the felony and he was tried and convicted of a misdemeanor.

By the evidence it appeared that Frances Hobson was driving an automobile on the King of Prussia Road, in Delaware County, about eight o'clock P. M., on July 31, 1922. The road is an improved road, eighteen feet wide between gutters. Seated to her left on the front seat was her sister Anna, a girl about twelve years old. The defendant was driving an automobile to the rear of and in the same direction as the Hobson car was going. Desiring to pass the Hobson car, the defendant blew his horn, and the Hobson car

veered to the right and the defendant proceeded to pass. The road afforded a width to pass of ten to twelve feet. The cars came together while the defendant's car was in the act of passing. The point of contact was the front part of the Hobson car which came in contact with the side of the front part of the defendant's car. The collision turned the Hobson car to the right. It ran across the side gutter of the road and up a bank and upset. Anna Hobson was thrown out. Her skull was fractured. She was taken to a hospital in Montgomery County, and died there the same evening.

The defendant moves the court in arrest of judgment, and presses the contention that the court is without jurisdiction to try the defendant for a misdemeanor homicide, where the fatal injury was received in this county and death occurred in another.

In the absence of any statutory regulation, the question would be, whether the crime is complete where the blow is struck, in which view the death is to be considered merely as a consequent of the crime, or whether the crime is not complete until the death occurs, in which view the crime is to be considered as divisible into two parts, one part happening in one jurisdiction and another part in another, and neither complete without the other. Upon the question thus presented, it makes no difference whether the crime is to be considered as a felony or misdemeanor. The fact is complete or incomplete in the county where the blow was struck, whether it be called a felony or misdemeanor. At common law, the more common opinion was that the indictment might be had in the county where the stroke was given: United States v. Guiteau, 47 Am. Reps. 247. When the Statute of 2 and 3 Edw. VI, chap. 24, was passed (Roberts's Digest of British Statutes, 409), it is stated in the preamble that the occasion for this statute was not that the offence was not complete in the county where the stroke was given, but for the practical difficulty of a jury in one county not being able to take cognizance of what happened in another, and this at a time when the practice yet obtained in great measure of trial by the personal knowledge of the jury without witnesses. The Statute of Edward VI gave jurisdiction to the county where the death occurred. By the Pennsylvania Statute of May 8, 1889, P. L. 135, jurisdiction is extended to the county where the stroke was given. It is to be noticed that this statute applies to a felonious striking, poisoning or receiving other cause of death. It pertains to a cause of death received in one county and death in another. In terms it is applicable to a misdemeanor homicide, and there is reason why it should be so interpreted.

The death has relation to the fatal stroke only that it shall occur within a year and a day. Otherwise, it is to be considered only as a consequent and not as an integral part of the crime: United States v. Guiteau, 47 Am. Reps. 247; Com. v. Cioffi, 5 Montg. Co. Law Repr. 128; Simpson v. State, 44 Am. St. Reps. 75, note 79. The general rule in the United States is that the jurisdiction is in the place where the act is committed, although death may occur in another: Com. v. Apkins, 30 Am. Ann. Cases, 465 (1913), E note.

We are of opinion that whether the question of jurisdiction is to be determined by the common law, or whether it is to be determined by reasoning that the offence is complete where the fatal injury was inflicted, and that the subsequent death is only operative to give character to the fatal injury, or whether it is to be determined from the operative effect of the Act of 1889, this court has jurisdiction of the crime. This disposes of the motion in arrest of judgment.

Upon the defendant's motion for a new trial, it is manifest that the defendant's offence consisted in endeavoring to pass the Hobson car in such close

4 D. & C.

proximity as to endanger it, and that he thereby committed the unlawful act of violating section 19 of the Act of May 16, 1921, P. L. 582, and in such commission he produced the death of Anna Hobson. This answers all of the requirements of involuntary manslaughter. We see no reason to grant a new trial.

Accordingly, defendant's motions in arrest of judgment and for a new trial are refused.

From A. B. Geary, Chester, Pa.